# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:17-cv-00141-MR-DLH

| | |
|---|---|
| WILLIAM ORR, CHARLES ORR, CHARLES ORR, on behalf of Ina Orr (his unborn daughter due mid June), and YVONNE HEGNEY, individually and on behalf of Roan Mountain, her threatened and endangered species, <br><br>           Plaintiffs, <br><br>vs. <br><br>U.S. EPA, U.S. FOREST SERVICE, U.S. FISH AND WILDLIFE SERVICE, FRENCH BROAD ELECTRIC MEMBERSHIP CORPORATION, and JEFF LOVEN, personally and as General Manager, <br><br>           Defendants. | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiffs' "Verified Complaint for an Emergency Temporary Restraining Order, Preliminary/Permanent Injunction and Other Relief" [Doc. 1] and the Plaintiffs' Motion for an Emergency Temporary Restraining Order and Preliminary Injunction [Doc. 2].

## I. PROCEDURAL BACKGROUND

The Plaintiffs commenced this action on June 1, 2017, against the Environmental Protection Agency (EPA), the United States Forest Service (USFS), the United States Fish and Wildlife Service (USFWS), the French Broad Electric Membership Corporation (FBE), and FBE's General Manager Jeff Loven (Loven), seeking to enjoin FBE and Loven from spraying certain EPA-approved herbicides on or near Roan Mountain.  Specifically, the Plaintiffs contend that the spraying of such herbicides will irreparably harm the "critical habitats" and threatened/endangered species residing on Roan Mountain, in violation of the Endangered Species Act, 16 U.S.C. § 1531, <u>et seq.</u> (ESA).  The Plaintiffs also challenge EPA's administrative approval of the use of such herbicides in applications that would threaten endangered species.  The Plaintiffs further seek an injunction requiring EPA, USFS, and USFWS to enforce the provisions of the ESA in order to protect the critical habitats and threatened/endangered species residing on Roan Mountain. Finally, the Plaintiffs contend that FBE and Loven's plan to spray EPA-approved herbicides on or near Roan Mountain violate the Plaintiffs' First Amendment "religious rights, health, lives, property, well being and 'sacred' way of life," in violation of 42 U.S.C. § 1983.  [Doc. 1 at 1-2].

## II. STANDARD OF REVIEW

Federal district courts are courts of limited jurisdiction. United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). The lack of subject matter jurisdiction is an issue that may be raised *sua sponte*, and if the Court determines that subject matter jurisdiction is lacking, the case must be dismissed. See Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008); Fed. R. Civ. P. 12(h)(3).

## III. DISCUSSION

### A. Plaintiffs' ESA Claims

A citizen may bring suit under the ESA "to enjoin any person, including the United States and any other governmental instrumentality or agency . . . who is alleged to be in violation of any provision of this chapter or regulation issued under the authority thereof." 16 U.S.C. § 1540(g)(1)(A). Prior to filing suit, however, the plaintiff must comply with § 1540(g)(2)(A)(i), which provides that "[n]o action may be commenced under subparagraph (1)(A) of this section . . . prior to sixty days after written notice of the violation has been given to the Secretary,[1] and to any alleged violator of such provision or

---

[1] The term "Secretary," as used in the ESA, generally refers to "the Secretary of the Interior or the Secretary of Commerce as program responsibilities are vested pursuant to the provisions of Reorganization Plan Numbered 4 of 1970 . . . ." 16 U.S.C. § 1532(15).

regulation." 16 U.S.C. § 1540(g)(2)(A)(i).  The purpose of the 60-day notice requirement "is to put the agencies on notice of a perceived violation of the statute and an intent to sue.  When given notice, the agencies have an opportunity to review their actions and take corrective measures if warranted.  The provision therefore provides an opportunity for settlement or other resolution of a dispute without litigation."  Southwest Ctr. for Biological Diversity v. United States Bureau of Reclamation, 143 F.3d 515, 520 (9th Cir. 1998) (quoting Forest Conservation Council v. Espy, 835 F. Supp. 1202, 1210 (D. Id. 1993), aff'd, 42 F.3d 1399 (9th Cir. 1994)).

The 60-day notice requirement "is a mandatory, not optional, condition precedent for suit."  Friends of Animals v. Ashe, 808 F.3d 900, 903 (D.C. Cir. 2015) (quoting Hallstrom v. Tillamook County, 493 U.S. 20, 26 (1989) (interpreting similar 60-day notice requirement in the Resource Conservation and Recovery Act)).  Providing 60 days' notice is a jurisdictional requirement, and a plaintiff's "failure to strictly comply with the notice requirement acts as an absolute bar to bringing suit under the ESA."  Southwest Ctr. for Biological Diversity, 143 F.3d at 520; see also Hawksbill Sea Turtle v. Federal Emergency Mgmt. Agency, 126 F.3d 461, 471 (3d Cir. 1997) ("Providing notice to the responsible Secretary(ies) . . . is a prerequisite to suit.").

Here, the Plaintiffs failed to give the Defendants the required 60-day notice. The Plaintiffs filed suit on June 1, 2017. The exhibits attached to the Verified Complaint include a letter dated May 26, 2017 addressed to FBE and Loven giving notice of the alleged violations of the ESA.[2] [Doc. 1 at 63]. According to the Verified Complaint, this is the earliest notice provided to the Defendants of the alleged violations. [See id. at 43 ¶¶ 54-56]. Indeed, the Plaintiffs themselves admit that they only learned of FBE's plan to spray herbicides on Roan Mountain "within the past couple of weeks." [Id. at 19]. Because the Plaintiffs failed to provide the Defendants with the mandatory 60 days' notice, this Court lacks subject matter jurisdiction to entertain this action, and thus the Plaintiffs' ESA claims must be dismissed.

B.   **Plaintiffs' § 1983 Claims**

The Court possesses the inherent authority to dismiss a complaint *sua sponte* if the complaint is frivolous. See Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012) (noting that "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid") (citing Mallard v. United States Dist. Ct. for S.D. of Iowa, 490 U.S. 296, 307-08 (1989)). A complaint is deemed frivolous "where it lacks

---

[2] The letter indicates that copies of this notice were provided to the Secretary of the Interior, EPA, USFS, and USFWS. [Doc. 1 at 75].

an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("Legally frivolous claims are based on an 'indisputedly meritless legal theory' and including 'claims of infringement of a legal interest which clearly does not exist.'") (citation omitted).

The Plaintiffs' claims asserted under 42 U.S.C. § 1983 against FBE and Loven are subject to dismissal as being frivolous. As the Fourth Circuit has explained:

> To implicate 42 U.S.C. § 1983, conduct must be fairly attributable to the State. The person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions. Thus, the Supreme Court has held that private activity will generally not be deemed "state action" unless the state has so dominated such activity as to convert it into state action: [m]ere approval of or acquiescence in the initiatives of a private party is insufficient.

DeBauche v. Trani, 191 F.3d 499, 506-07 (4th Cir. 1999) (internal quotation marks and citations omitted). Here, the Plaintiffs have brought suit against a North Carolina corporation and its general manager. The Plaintiffs have made no allegation that these Defendants have a sufficiently close relationship with state actors such that the Court could conclude that they were engaged in governmental action. As such, the Plaintiffs have no basis

to assert § 1983 claims against FBE and Loven in this case. Further, to the extent that the Plaintiffs may be asserting § 1983 claims against EPA, USFS, and/or USFWS, it is well-established that § 1983 does not apply to federal actors. See Wheeldin v. Wheeler, 373 U.S. 647, 650 n.2 (1963).

For all of these reasons, the Court concludes that the Plaintiffs' action must be dismissed.

**O R D E R**

**IT IS, THEREORE, ORDERED** that the Plaintiffs' claims asserted under the ESA are **DISMISSED WITHOUT PREJUDICE** and the Plaintiffs' claims asserted under 42 U.S.C. § 1983 are hereby **DISMISSED WITH PREJUDICE**.

The Clerk of Court is respectfully directed to close this civil action.

**IT IS SO ORDERED.**

Signed: June 5, 2017

Martin Reidinger
United States District Judge