THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:17-cv-00141-MR-DLH

| | | |
|---|---|---|
| WILLIAM ORR, CHARLES ORR, CHARLES ORR, on behalf of Ina Orr (his unborn daughter due mid June), and YVONNE HEGNEY, individually and on behalf of Roan Mountain, her threatened and endangered species, ) ) ) ) ) ) ) ) | | |
| Plaintiffs, ) ) | | |
| vs. ) ) | **O R D E R** | |
| U.S. EPA, U.S. FOREST SERVICE, U.S. FISH AND WILDLIFE SERVICE, FRENCH BROAD ELECTRIC MEMBERSHIP CORPORATION, and JEFF LOVEN, personally and as General Manager, ) ) ) ) ) ) ) | | |
| Defendants. ) | | |

**THIS MATTER** is before the Court on Plaintiff William Orr's Motion to Stay Judgment [Doc. 10].

The Plaintiffs William Orr, Charles Orr, and Yvonne Hegney commenced this action on June 1, 2017, against the Environmental Protection Agency (EPA), the United States Forest Service (USFS), the United States Fish and Wildlife Service (USFWS), the French Broad Electric

Membership Corporation (FBE), and FBE's General Manager Jeff Loven (Loven), seeking to enjoin FBE and Loven from spraying certain EPA-approved herbicides on or near Roan Mountain. Specifically, the Plaintiffs contended that the spraying of such herbicides would irreparably harm the "critical habitats" and threatened/endangered species residing on Roan Mountain, in violation of the Endangered Species Act, 16 U.S.C. § 1531, et seq. (ESA). The Plaintiffs also challenged EPA's administrative approval of the use of such herbicides in applications that would threaten endangered species. The Plaintiffs further sought an injunction requiring EPA, USFS, and USFWS to enforce the provisions of the ESA in order to protect the critical habitats and threatened/endangered species residing on Roan Mountain. Finally, the Plaintiffs contended that FBE and Loven's plan to spray EPA-approved herbicides on or near Roan Mountain violate the Plaintiffs' First Amendment "religious rights, health, lives, property, well being and 'sacred' way of life," in violation of 42 U.S.C. § 1983. [Doc. 1 at 1-2].

On June 5, 2017, the Court dismissed the Plaintiffs' claims under the ESA without prejudice due to lack of subject matter jurisdiction because the Plaintiffs had failed to provide the Defendants with 60 days' notice as required by the ESA. The Court dismissed the Plaintiffs' claims under § 1983 with prejudice as legally baseless and therefore frivolous. [Doc. 8].

Thereafter, the Clerk entered a Judgment dismissing this action in its entirety. [Doc. 9].

On June 6, 2017, the Plaintiff William Orr[1] filed the present motion, asking that the Court's Judgment be stayed pending appeal. [Doc. 10]. Plaintiffs William Orr and Charles Orr then filed a Notice of Appeal to the Fourth Circuit Court of Appeals. [Doc. 11].

As an initial matter, it is unclear what the Plaintiff wants to be stayed. A stay pending appeal is typically entered in order preserve the status quo. See Nken v. Holder, 556 U.S. 418, 429 (2009) ("[a] stay [pending appeal] simply suspends judicial alteration of the status quo") (citation omitted). Here, the Plaintiff's ESA claims were dismissed for lack of subject matter jurisdiction and his § 1983 claims were dismissed for being frivolous. There was no injunctive relief awarded. To the extent that the Plaintiff seeks a stay to prevent the Defendants from taking some action, such a stay would effectively function as a restraining order against the Defendants, which would not be preserving the status quo.

---

[1] The present motion to stay was filed by Plaintiff William Orr only. Plaintiff Charles Orr does not join in William Orr's motion. Prior to the dismissal of this action, Plaintiff Yvonne Hegney filed a notice of voluntary dismissal of her claims. [Doc. 7].

To the extent that the Plaintiff seeks relief under Rule 62 of the Federal Rules of Civil Procedure, his motion also must be denied. Rule 62 provides, in pertinent part, that when an appeal is taken from a final judgment denying an injunction, a court may grant a stay of the judgment pending appeal on terms for a bond or other terms that secure the opposing party's rights. Fed. R. Civ. P. 62(c). In reviewing a motion to stay, the Court must consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

Here, the underlying action was dismissed because the Plaintiffs failed to comply with a statutory notice requirement, which deprived this Court of jurisdiction to entertain the Plaintiffs' claims. The remaining claims asserted by the Plaintiffs were dismissed as legally baseless. Under these circumstances, the Plaintiff cannot make a strong showing that he is likely to succeed on the merits of any appeal. Further, it is unclear from the Plaintiff's motion to stay what irreparable injury he would suffer if the requested stay

was not granted.[2] For all of these reasons, the Plaintiff's motion for a stay of the Judgment pending appeal is denied.

**IT IS, THEREORE, ORDERED** that the Plaintiff's Motion to Stay Judgment [Doc. 10] is **DENIED**.

**IT IS SO ORDERED.**

Signed: June 7, 2017

Martin Reidinger
United States District Judge

---

[2] As the Plaintiff failed to show a likelihood of success on the merits or the likelihood of irreparable harm, the Court need not address the remaining factors identified in Hilton.